## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: | : |
| | :CHAPTER 13 |
| DONNA LAGHJICHI | : |
| xxx-xx-9156 | : |
| Debtor. | :CASE NO. 19-11399/MDC |
| | : |
| U.S. Bank National Association as | : |
| Legal Title Trustee for Truman 2016 | : |
| SC6 Title Trust | : |
| Movant, | : |
| v. | :Courtroom Number 2 |
| | : |
| DONNA LAGHJICHI | :Hearing Date: April 16, 2019 @ 10:30 a.m. |
| | : |
| Debtor, | : |
| And | : |
| | : |
| WILLIAM C. MILLER, ESQUIRE | : |
| Trustee, | : |
| | : |
| Respondents. | : |
| | : |

## STIPULATION RESOLVING *IN REM*/PROSPECTIVE
## RELIEF MOTION

THIS matter being opened to the Court by Emmanuel J. Argentieri of the law office of Romano Garubo & Argentieri, counsel for the secured creditor, US Bank NA as Legal Title Trustee for Truman 2016 SC6 Title Trust, (hereinafter "Movant"), upon the filing of a motion for an order granting relief from the automatic stay; providing prospective/*In Rem* relief from stay; waiving the 14-day stay requirement of Rule 4001 (a)(3); and providing that if the case has been dismissed and/or closed to reinstate and/or reopen for purposes of adjudicating this motion as to certain real property more commonly known as 72 Quarry

Case 19-11399-mdc    Doc 26    Filed 04/15/19    Entered 04/15/19 15:57:33    Desc Main
Document    Page 2 of 4

*Page two of four*
*Stipulation resolving MFR*
*Laghichi – 19-11399/MDC*

Road, Levittown, Pennsylvania 19075 ("subject property"); and Debtor, Donna Laghjichi through her counsel, Paul H. Young of the law office Young Marr & Associates having filed a motion to extend the automatic stay and Movant having filed opposition thereto; and it appearing that the parties have resolved their differences and for good cause shown;

1. Debtor shall tender her April 1, 2019 post-petition mortgage payment directly to Movant on or before the close of business for April 15, 2019.

2. If Debtor does not tender the April post-petition mortgage payment as aforesaid in paragraph 1 herein, then Movant may immediately file a certification of default with the Court on notice to Debtor's attorney.

3. Commencing with the May 1, 2019 post-petition mortgage payment and continuing each month thereafter for the duration of this Chapter 13 proceeding, Debtor shall remit payments directly to Movant as same come due.

4. Debtor shall reimburse Movant attorney fees and costs incurred by it in the prosecution of its motion and objection to Debtor's motion to extend stay in the amount of $1,000.00. The sum of $1,000.00 shall be rolled into Debtor's Chapter 13 plan as an administrative claim and shall be paid to Movant over the remaining term of Debtor's plan.

5. The Trustee shall adjust his records to reflect the increased amount due to Movant pursuant to this order and pay said increased claim to Movant in normal course.

6. Commencing with the May 1, 2019 post-petition mortgage payment, if any of the regular monthly post-petition mortgage payments that come due are more than thirty (30)

*Page two of four*
*Stipulation resolving MFR*
*Laghichi – 19-11399/MDC*

days late, Movant may send Debtor a written notice of default of this Stipulation. If the default is not cured within ten (10) days from the date of the notice, counsel for the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay as to the mortgaged property herein.

7.    If this case is dismissed or converted to a proceeding under chapter 7 or if Movant obtains stay relief, then Debtor shall be barred from filing another bankruptcy petition for a period of 180 days.

8.    Notwithstanding the terms and conditions of paragraph 7 herein, if this case is dismissed or converted to a proceeding under chapter 7 or if Movant obtains stay relief, then Movant shall be granted *In Rem*/prospective relief as to the subject property in the event another person claiming an interest in the property should file a bankruptcy petition within 180 days from the time the case is dismissed or Movant obtains stay relief. No stay will be in effect absent an express order of this Court with notice of such an application served on Movant and its counsel.

*Page four of four*
*Stipulation resolving MFR*
*Laghichi – 19-11399/MDC*

9. Movant is free to take any and all action necessary to continue its pending sheriff sale for the property from time to time during the pendency of this case until the plan is confirmed at which time Movant shall stay its sale.

*The undersigned hereby consent to the form and entry of the within order.*

/S/EMMANUEL J. ARGENTIERI
Emmanuel J. Argentieri, Esquire
Attorney for Movant                Date: 4/15/19

4/23/19
**No Objection:**
_____
TRUSTEE

/S/PAUL H. YOUNG
Paul H. Young, Esquire
Attorney for Debtor                Date: 4/15/19

***without prejudice to any trustee rights or remedies**

AND NOW, this 24th day of April, 2019, it is hereby ORDERED that the foregoing Stipulation is approved, shall be, and is made an Order of this Court.

_____
Honorable Magdeline D. Coleman
U.S. Bankruptcy Judge
Eastern District of Pennsylvania